# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ARTHUR LEE HAIRSTON, SR.,**

    Plaintiff,

v.                                                   **CIVIL ACTION NO.: 3:19-CV-198 (GROH)**

**DVA, Martinsburg, NAGE (SEIU),
SUSAN ANDERSON, and
SARAH E. SUSZCZYK,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 5. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On December 6, 2019, Magistrate Judge Trumble issued his R&R recommending that the Court dismiss Plaintiff's complaint without prejudice and deny as moot his application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United

States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The R&R was sent to Plaintiff by certified mail, return receipt requested, on December 6, 2019. ECF No. 5. Plaintiff accepted service on December 7, 2019. ECF No. 8. The Plaintiff filed his objections on December 10, 2019. ECF No. 9. Accordingly, the Court will review the portions of the R&R to which Plaintiff objects *de novo*.

Construing Plaintiff's complaint as a standalone claim for breach of duty of fair representation, Judge Trumble finds that Plaintiff failed to state a claim upon which relief can be granted. First, Judge Trumble finds that Plaintiff's allegations concerning the falsified counseling statement and illegal job reassignment are factually deficient. Second, Judge Trumble finds that Plaintiff does not provide a factual basis to show that Defendants acted arbitrarily, discriminatorily, or in bad faith.

Attached to his objections, Plaintiff provides new exhibits including his initial whistleblower complaint, a letter addressed to Defendant Susan Anderson, documents submitted to the Equal Employment Opportunities Commission ("EEOC"), and an order transferring case issued by the Western District of Pennsylvania. The initial whistleblower complaint and EEOC documentation potentially support a reasonable inference that the counseling statement and job reassignment were retaliatory acts. However, as stated in the R&R, the Court does not know if Plaintiff filed any grievances related to this case. Article 44, Section 2(A) of the Master Agreement between the Department of Veterans Affairs and National Association of Government Employees

2

states that the negotiated grievance procedure is the "sole procedure available to…unit employees" when resolving issues over the application of the Agreement. Therefore, Plaintiff was required to adhere to the grievance procedure when alleging that Defendant DVA Martinsburg reassigned him to 4A in violation of Article 21, Section 9(A) the Agreement. Upon review of Plaintiff's complaint and his objections, the Court finds no proof that Plaintiff complied with the grievance procedure.

Additionally, Plaintiff still fails to provide a factual basis for finding that Defendants breached their duty of fair representation based on arbitrariness, discrimination or bad faith. In his letter addressed to Defendant Susan Anderson, Plaintiff requested to file a "point of contact" on his supervisor and another employee for retaliation, creating a hostile work environment, filing a false statement, and unfair labor practices. See ECF No. 9-3. At most, this letter demonstrates that Defendant Susan Anderson was notified about Plaintiff's complaint. It does not show how she, or any other named Defendants, acted wholly irrational, discriminatorily, or in bad faith. Furthermore, even after considering Plaintiff's new exhibits, the Court still has no information regarding the actual title and nature of Plaintiff's alleged job reassignment. Ultimately, the facts presented are too deficient for Plaintiff to state a standalone claim for breach of duty of fair representation.

Therefore, upon careful review and finding no error of fact or law, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] is **ADOPTED** for the reasons more fully stated therein. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** and the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to strike this case from the Court's active docket and transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** March 11, 2020

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE